PER CURIAM.
This is an appeal from an order finding that the claimant sustained no permanent physical impairment as a result of his com-pensable accident and that he was not entitled to additional benefits. We affirm.
The claimant contends the deputy commissioner (deputy) erred in finding that he had not sustained any permanent impairment and that he was not entitled to additional temporary disability benefits, wage loss benefits or treatment in a pain management program. Although there is conflict in the medical evidence there is competent substantial evidence in the record which supports the deputy’s finding that the claimant reached maximum medical improvement without permanent impairment and therefore was not entitled to the additional benefits claimed.
The dissent states:
*1363 Given the material discrepancy between the opinion testimony of Zilioli and Dr. Johnson, I can only conclude that the deputy must have overlooked the unre-futed, critical testimony of Dr. Zilioli regarding the importance of a myelogram in the diagnosis of a condition, such as that complained of by claimant, and that this omission influenced the deputy’s decision in accepting the conflicting opinion of Dr. Johnson and rejecting those of Drs. McBride and Zilioli, which were based on objective findings.
This contention is refuted by the deputy’s order in which he stated:
The MRI and the EMG have not revealed the presence of a herniated disc. The myelogram suggested a herniated disc, but this was not confirmed by the MRI or EMG. In addition, Dr. Zilioli’s physical examination of the claimant was normal. In addition, Dr. Zilioli’s deposition points out that Dr. St. Louis felt that the claimant was not being truthful in that he walked without any significant dependency upon a cane when not being watched, but relied totally on the cane when being observed by the physician.
All of these findings of the deputy are supported by competent substantial evidence in the record. Dr. Zilioli testified that his physical examination of the claimant, including a straight leg raising test, were within normal limits.
In order to affirm a decision of the deputy, it is not necessary to point out in detail all of the testimony and evidence that supports his decision. The deputy’s order recites findings regarding the testimony of all four doctors and contains findings supported by competent substantial evidence in the record, including findings by two doctors, that the claimant was not being truthful or that he might be malingering or untruthful. The deputy also noted the evidence in the record of the inconsistencies of the complaints by the claimant. It is obvious that the deputy, as well as some of the doctors, questioned the claimant’s credibility because of the inconsistency of his testimony at the hearing and the inconsistency of his statements to the physicians.
We agree that there is evidence in the record which could have supported a ruling in favor of the claimant. However, the issue before us on review is not whether there is competent substantial evidence to support a ruling in favor of the claimant but rather is whether there is competent substantial evidence in the record that supports the order of the deputy. There is.
AFFIRMED.
BOOTH and THOMPSON, JJ„ concur.
ERVIN, J., dissents.